IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2013

## JEREMY KEETON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 15161      Stella L. Hargrove, Judge**

**No. M2013-00644-CCA-R3-PC   Filed October 17, 2013**

The Petitioner, Jeremy Keeton, appeals as of right from the Wayne County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that he received ineffective assistance of counsel because his trial counsel failed to secure the appearance of several witnesses at his trial. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Stacie Odeneal, Lawrenceburg, Tennessee, for the appellant, Jeremy Keeton.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Joel Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted of voluntary manslaughter and sentenced to fifteen years as a Range III, persistent offender. This court affirmed the Petitioner's conviction and sentence on direct appeal. State v. Jeremy Keeton, No. M2009-01811-CCA-R3-CD, 2011 WL 795545 (Tenn. Crim. App. Mar. 8, 2011). The evidence at trial established that in July 2006, the Petitioner got into an altercation with two men in Alabama, Larry Clemmons and Dan Hill, who the Petitioner believed had stolen a motorcycle and three-wheeler from him. The Petitioner went to Alabama and "shot up" the camper Mr. Hill was staying in and Mr. Clemmons's car. The Petitioner then fled back to his home in Tennessee and called Mr. Clemmons, who threatened to come to the Petitioner's house "and play." Later that night,

when the Petitioner heard a motorcycle approaching his house, he went out onto his front porch with a shotgun and shot the rider, fearing that it was Mr. Clemmons or Mr. Hill. The victim, the Petitioner's friend John Wesley Brewer, died a short time later. Id. at *1-9. The Petitioner filed a timely petition for post-conviction relief alleging that his trial counsel failed to secure the appearance of several witnesses at his trial.

At the post-conviction hearing, the Petitioner testified that he wanted Mr. Hill, Mr. Clemmons, Bill Atkinson, Ray Balentine, and Chuck Killen to testify at his trial. He believed their testimony would have established the ongoing conflict between himself and Mr. Clemmons and Mr. Hill, as well as establishing that Mr. Hill was physically similar to the victim. Trial counsel testified that he had subpoenaed all of the witnesses the Petitioner wanted to have testify at trial, except for Mr. Hill because no one was able to locate him to serve the subpoena. Trial counsel testified that Mr. Clemmons, Mr. Atkinson, Mr. Balentine, and Mr. Killen were there for the first day of trial. In fact, Mr. Clemmons testified on the first day of trial, but the four men did not return for the second day of trial and refused to return despite the trial court's threats to hold them in contempt of court. Trial counsel testified that he did not believe that the witnesses would have added anything to the Petitioner's defense or that their testimony would have resulted in a better outcome for the Petitioner. None of the men testified at the post-conviction hearing. After the hearing, the post-conviction court issued a written order dismissing the petition.

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition. The Petitioner argues that trial counsel failed to properly subpoena the witnesses, all from Alabama, which left the trial court with no means to enforce the subpoenas. With respect to Mr. Hill, the Petitioner argues that trial counsel did not have the subpoena for him issued early enough to ensure service before the trial. The State responds that the Petitioner failed to establish that trial counsel was ineffective because the witnesses did not testify at the post-conviction hearing.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

This court has long held that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). This is the only way the petitioner can establish that failure "to call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Live testimony from the witness is usually necessary for the post-conviction court to evaluate whether the testimony is admissible, material, and credible. Pylant, 263 S.W.3d 854, 869-70 (Tenn. 2008). We cannot speculate as to what a witness may have said if presented or how the witness may have responded to a rigorous cross-examination. Black, 794 S.W.2d at 757. The Petitioner failed to present Mr. Hill, Mr. Clemmons, Mr. Atkinson, Mr. Balentine, and Mr. Killen at the post-conviction hearing; therefore, the Petitioner has failed to establish by clear and convincing evidence that trial counsel was ineffective in failing to secure their testimony. Accordingly, we affirm the judgment of the post-conviction court.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE